IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANA ABDOLAH DAMANEH, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-2381-P-BK |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be dismissed with prejudice as time barred.

**I. BACKGROUND**

In September 2007, Petitioner was convicted of aggravated robbery and sentenced to a 40-year term of imprisonment and a $5,000 fine. *State v. Damaneh*, No. F05-00507 (363rd District Court, Dallas County 2007). The state court of appeals affirmed his conviction and the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review. *Abdolahi-Damaneh v. State*, No. 05-05-01312-CR, 2007 WL 765929 (Tex. App.-Dallas Mar. 15, 2007, pet. ref'd); *Abdolahi-Damaneh v. State*, No. 1788-07 (Tex. Crim. App. Feb. 13, 2008). On June 3, 2009, Petitioner filed a state habeas application, which the TCCA denied with a written order on September 14, 2011. *Ex parte Damaneh*, No. WR-75,134-01, 2011 WL 4063336 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1560 (Feb. 21, 2012).

On June 14, 2011, with the assistance of counsel, Petitioner filed the federal petition presently at issue. In two grounds, he alleges counsel rendered ineffective assistance at the punishment phase, and the prosecutor violated his due process rights by implying he was involved in terrorism. (Doc. 1 at 6-8.) Respondent seeks dismissal of the federal petition as time barred. (Doc. 13, 19.) Petitioner replies rejecting the time-bar argument. (Doc. 17, 20).

## II. ANALYSIS

**A.** **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (explaining the rules for calculating the one-year period under § 2244(d)(1)(A)). Sections 2244(d)(1)(B)-(D) are inapplicable here.[1]

Because Petitioner filed a petition for discretionary review (PDR), his conviction became final when the time expired for filing a petition for writ of certiorari in the United States Supreme Court – ninety days after the TCCA refused his PDR. *See* Sup. Ct. R. 13.1, 13.3; *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (where an appellant does not seek a writ of certiorari from the United States Supreme Court,

---

[1] Petitioner's pleadings allege no state-created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

"finality [is] established by the expiration of the ninety-day period to seek further review with the Supreme Court."). Petitioner does not dispute that the TCCA denied his PDR on February 13, 2008. (Doc. 17 at 2.) He argues, however, that the TCCA's "FINAL DISP[osition]" docket entry on March 10, 2008, as reflected on the TCCA's website, controls the time for calculating the one-year federal limitations period. *Id.* at 2-4 & Ex. A. Respondent objects relying on Texas Rule of Appellate Procedure 69.4(a), which sets out the clerk's duties when the TCCA refuses a PDR. (Doc. 19 at 2-3.)

Once the TCCA refuses a PDR, the parties have fifteen days to seek rehearing. *See* TEX. R. APP. PROC. 79.1 ("A motion for rehearing may be filed with the Court of Criminal Appeals clerk within 15 days from the date of the judgment or order."). Upon entry of the TCCA's order refusing the PDR, the clerk sends notice to the parties, so that they have time to seek rehearing. *See* TEX. R. APP. PROC. 69.4(a). Then, the clerk retains the PDR and the file for at least fifteen days. *Id.* If no motion for rehearing is filed, or if the TCCA overrules a motion for rehearing, the clerk administratively closes the TCCA's file by entering "FINAL DISP[osition]" on the docket sheet and, thereafter, sends certified copies of the order refusing discretionary review or denying re-hearing to the court of appeals, which then issues a mandate. *Id.*; *see also* TEX. R. APP. PROC. 18.1(a)(2) (setting out time for clerk of the court of appeals to issue a mandate).[2]

---

[2] Rule 69.4(a) reads as follows:

*On Refusal or Dismissal.* When the Court refuses or dismisses a petition, the clerk will send to the parties and the State Prosecuting Attorney a notice informing them that the petition was refused or dismissed. The clerk will retain the petition and all other items filed in the case for at least 15 days from the date of the refusal or dismissal. At the end of that time, if no motion for rehearing has been timely filed, or upon the overruling or dismissal of such a motion, the clerk will send to the court of appeals clerk a certified copy of the order refusing or dismissing the

Here, the TCCA refused the PDR on February 13, 2008, and Petitioner did not file a motion for rehearing. On March 10, 2008, because Petitioner had not sought rehearing, the Clerk administratively closed or "FINAL[ly] DISP[osed]" of the PDR file (as reflected on the TCCA's website). That "final disposition," however, had no effect on the earlier refusal of the PDR. After February 13, 2008, the TCCA did not issue any further order or ruling regarding the PDR, and the clerk merely administratively closed the file in March 2008, after notifying the court of appeals that no motion for rehearing had been filed. Based on these facts, the Court concludes the February 13, 2008, order refusing the PDR controls the time for calculating when Petitioner's conviction became final for purposes of the one-year federal limitations.

Respondent cites *Martinez v. Quarterman*, 2006 WL 2042958, *6-7 (W.D. Tex. July 11, 2006) (NO. CIV. SA-04-CA-1023-R), where the district court found the TCCA's "final ruling" was the controlling date and, alternatively, the existence of the "final ruling" entitled the *pro se* petitioner to equitable tolling. (Doc. 19 at 3 n.3.) In *Martinez*, however, the court was under the impression that the TCCA had issued "dual orders" refusing discretionary review -- an initial and a "final ruling." *Martinez,* 2006 WL 2042958, *6. In addition, Respondent had failed to apprise the court that the "final ruling" was not a ruling, but merely an administrative matter to close the file and inform the court of appeals that the parties had not sought rehearing or that rehearing had been overruled. *Id.*; *see also Young v. Quarterman*, 2007 WL 2572043, at *8

---

      petition (as well as any order overruling a motion for rehearing). The clerk of the
      Court of Criminal Appeals will return the appellate record to the court of appeals
      clerk but will retain the petition, and other documents filed in the Court of
      Criminal Appeals.

TEX. R. APP. PROC. 69.4(a).

(W.D. Tex. Sep. 4, 2007) (NO. CIV. SA-06CA1003NN).

Petitioner suggests *Martinez* is analogous to this case and, thus, directly applicable. (Doc. 20 at 1-2.) Notwithstanding Petitioner's argument, the Court is not persuaded by the *Martinez* court's unsubstantiated conclusion that the TCCA twice refused the PDR within less than 30 days, even though petitioner had not filed a motion rehearing. Moreover, unlike *Martinez*, Petitioner was represented by counsel throughout his direct appeal, PDR, and state habeas proceedings and, thus, cannot plausibly argue that he was confused by the circumstances stemming from the clerk's "final disposition" of the PDR file. *See Martinez*, 2006 WL 2042958, *7.

Next, Petitioner relies on *Wilson v. Cain*, 564 F.3d 702, 704-07 (5th Cir. 2009), which held that a motion for rehearing must be considered in determining the date on which a conviction became final. (Doc. 17 at 3.) Petitioner argues that "[u]nder *Wilson*, time periods in which the court has jurisdiction to modify its judgment extend the time for the judgment being used to trigger the calculation of a deadline of a 2254 petition." *Id.* Unlike *Wilson*, however, Petitioner did not file a motion for rehearing. Consequently, he cannot not benefit from the additional time for seeking rehearing in determining the finality of his conviction.

Petitioner also relies on *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997), which held that "a 'final disposition' of an initial [state habeas] writ must entail a disposition relating to the merits of all the claims raised." He posits that "'final disposition' is the ruling by the appellate court disposing of all issues raised." (Doc. 17 at 3.) Here, however, the TCCA disposed of all PDR issues in the February 2008 order, and the clerk's "final disp[osition]" of the file in March 2008 did not alter that ruling.

In summary, the Court concludes that Petitioner's conviction became final on May 13, 2008, ninety days after the TCCA refused his PDR on February 13, 2008. The one-year limitations period began to run the next day on May 14, 2008, and elapsed one year later on May 13, 2009. Petitioner did not file his state habeas application until June 3, 2009, twenty days after the one-year period had expired. Thus, statutory tolling is unavailable because his state application was not pending during the limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling of limitations period during pendency of state habeas proceedings); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after federal limitations period expired does not toll limitations period). Accordingly, the federal petition, filed on September 14, 2011, is clearly untimely absent equitable tolling.

**B.  Rule-of-Lenity**

Although Petitioner does not rely on equitable tolling, he requests the Court to apply the rule-of-lenity. (Doc. 17 at 3-4.)  Citing *United States v. Bustillos-Pena*, 612 F.3d 863 (5th Cir. 2010), he asserts that "if there is an ambiguity in the manner of calculating the deadline[,] the interpretation should be effected which favor Petitioner's position." *Id.* at 4.  The rule-of-lenity, however, applies only if a statute has criminal applications. *See, e.g., Leocal v. Ashcroft*, 543 U.S. 1, 11–12  n. 8 (2004) (explaining that, if a statute has criminal applications, "the rule of lenity applies" to the Court's interpretation of the statute even in immigration cases "[b]ecause we must interpret the statute consistently, whether we encounter its application in a criminal or noncriminal context"); *United States v. Thompson/Center Arms Co.*, 504 U.S. 505, 517–518, and n. 10 (1992) (plurality opinion) (employing the rule of lenity to interpret "a tax statute ... in a civil setting" because the statute "has criminal applications"). Moreover, the rule-of-lenity is "a

rule of statutory construction, rather than a separate constitutional framework for raising claims." *United States v. Rivera*, 265 F.3d 310, 312 (5th Cir. 2001) (cited cases omitted). It, thus, applies "only when, after consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." *Id.*

Here, the interpretation of the term "final disposition" does not have criminal application or involve an issue of statutory interpretation. In any event, however, the term "final disposition," when analyzed in conjunction with the clerk's duties under Texas Rule of Appellate Procedure 69.4(a), is not ambiguous. Therefore, the rule-of-lenity is inapplicable.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244 (d).

SIGNED May 29, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE