IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANA ABDOLAH DAMANEH,<br>Petitioner, | § § § | |
| v. | § § | 3:11-CV-2381-P-BK |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Respondent. | § § § § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed original and supplemental objections (Doc. 23, 24), and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made.

Petitioner's objections reiterate the arguments addressed and rejected in the Magistrate Judge's recommendation. In addition, his supplemental authority does not address the dispositive issue in this case -- namely whether the petition for discretionary review (PDR) "FINAL DISP[osition]" date, as opposed to the earlier PDR "DISP[osition]" date (both reflected on the Texas Court of Criminal Appeals' website), controls the time for calculating the one-year federal limitations period. In *Hutson v. Quarterman*, 508 F.3d 236 (5th Cir. 2007), and *Boudreaux v. Dretke*, 2005 WL 6443881(S.D. Tex. 2007), the district courts merely relied on the PDR "final disp[osition]" date, in calculating when the conviction became final, without providing any type of explanation. Moreover, in *Hutson*, there was no need for the Court of Appeals for the Fifth Circuit to address the issue. In that case, the appellate court went on to hold

that petitioner's motion for DNA testing, filed while his direct criminal appeal was pending, statutorily tolled the one-year limitations period under 28 U.S.C. § 2244(d)(1)), thus rendering the petition timely filed.

Accordingly, Petitioner's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge, and **DISMISSES** with prejudice the petition for writ of habeas corpus as barred by the one-year statute of limitations.

Furthermore, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation and this order in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

SO ORDERED this 5th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.